Parker *v.* Staniels.

## PARKER *v.* STANIELS.

The only record evidence of the administration of the oath prescribed for the ease and relief of poor debtors, and of the service of the order of notice on the creditor, is the certificate of those facts, signed in conformity to the statute by both magistrates before whom the oath was taken. Such certificate is only *prima facie* evidence of those facts, and they are open to parol proof; whether or not the certificate was made, and whether or not there is any other record of them made by the magistrates, or either of them.

DEBT on a bond, given by the defendant to the plaintiff, to obtain release from arrest on an execution. The defence was, that the debtor was duly admitted to take, and took the oath within one year, as prescribed by the act for

the relief of poor debtors, according to the condition of the bond.

The defendant introduced a copy of the application, order of notice, and return of service, from which it appeared that the application was addressed to Thomas Bailey and William Prescott, justices of the peace and of the quorum; that the order of notice was signed by both magistrates, and that a return of service was made thereon, signed by Stephen C. Badger, and sworn to by him before said Prescott. Appended to the application was a certificate, signed by said Prescott, setting forth that the debtor took the oath on the day appointed, and that the attorney of the creditor, having been duly notified, did not attend. It was agreed by the parties that said Badger would testify that he delivered a copy of the petition and order of notice, properly attested, to the attorney of the creditor, more than fifteen days before the day appointed for hearing the application; that said Prescott would testify that, on the day, and at the place appointed, the debtor appeared before said Bailey and Prescott, and was admitted by them to take and did take the oath prescribed by law for the ease and relief of poor debtors; that said Badger, the attorney of the debtor, made out the certificate aforesaid, appended to the application; that it was soon after signed by said Prescott, but was never signed by said Bailey, he having deceased soon after the administration of the oath; that said Badger made out, signed and swore to the return of service on the day of the hearing, and before the oath was administered, and that the debtor and magistrates appeared at the place designated for the hearing, at the hour designated in the order of notice, and remained there more than one hour before the oath was administered, no one appearing for the creditor. It was agreed by the parties that if the certificate of said Prescott was competent evidence to sustain the defence, in connection with the other paper evidence in the case, or if it was competent

for the defendant to prove, by the testimony of Prescott and Badger, the facts above stated, judgment should be ordered for the defendant; otherwise for the plaintiff.

*Minot & Mugridge,* for the plaintiff.

1. The proceedings before the magistrates must be recorded. Comp. Stat., chap. 184, sec. 15. They are expressly required to make a certificate of the oath when administered. Chap. 213, sec. 8. *Keay* v. *Palmer,* 5 N. H. 43, is not an authority in this case. The statute then was different. It required a certificate to the jail keeper. N. H. Laws, 1805, p. 128. There is no such requirement now. The certificate now required is for general evidence, not addressed to or intended for any particular person. The application must be in writing, as notice to the creditor must be by copy. In certain cases the magistrates are required to tax costs and issue executions therefor. N. H. Laws, chap. 213, sec. 13. Would parol evidence be admissible to show the proceedings and judgment to justify such an execution?

2. If a record is necessary, parol evidence is not admissible to prove what should appear in the record. *Judge of Probate* v. *Briggs,* 3 N. H. 309; *Greely* v. *Quimby,* 22 N. H. (2 Fost.) 335. Such evidence is admissible to prove the contents of a lost record, but not to supply the place of one which never existed.

3. The certificate is not signed by Bailey, and, from any thing which appears upon the papers, it cannot be understood that he took any part in the proceedings at the hearing, or even that he was present. It is defective also in not stating the hour when the proceedings were had, as there was no appearance for the creditor. The action of magistrates in these cases is of special jurisdiction, and all matters necessary to their action must appear. There are no presumptions in their favor. *Morse* v. *Presby,* 25 N. H. (5 Fost.) 302; *Haywood* v. *Charlestown,* 34 N. H. (3 Fogg) 23.

*Badger*, (with him was *H. A. Bellows*,) for the defendant.

If a record is required, it is competent for one of the magistrates to make it. *Banks* v. *Johnson*, 12 N. H. 451. In *Chesley* v. *Welch*, 10 N. H. 253, it was held that a record of an adjournment, made by one of the magistrates, was proper evidence of the fact.

The certificate is only *prima facie* evidence. *Kendrick* v. *Gregory*, 9 Greenl. 22. It is not necessary to the validity of the discharge. *Banks* v. *Johnson*, quâ sup. If the application, service of notice, and administration of the oath are duly made, the condition of the bond is performed, whether there is or not a certificate of the facts in the statute form. *Muzzey* v. *Neally*, 2 Fairf. 240; *Keay* v. *Palmer*, 5 N. H. 53. And the performance of the condition may be shown by parol proof.

SAWYER, J. In *Banks* v. *Johnson*, 12 N. H. 445, and in *Woods* v. *Blodgett*, 15 N. H. 569, it was held that the certificate by the magistrates, of the administration of the oath for the relief of poor debtors, when made in conformity to the statute, is *prima facie* evidence of the facts therein stated; but that it has not the character of a judgment to render it conclusive. These cases arose under the act of 1829, which authorized the administration of the oath only when the debtor applying was actually a prisoner in the custody of the jailor, either in close confinement or having the liberty of the jail-yard, under bond against an escape, and which therefore properly required the certificate in form to be addressed to the keeper of the jail. N. H. Laws, 1830, p. 477. Under that state of the law, the primary object of the certificate was to furnish evidence to the jailer of the right of the debtor to be released from further imprisonment. When, by subsequent legislation, the debtor, upon being arrested on execution, could make the application to be admitted to take the oath without commitment to jail, upon giving bond that

he would take it within the year, or surrender himself to jail at its expiration, the form of the certificate was varied in this respect by the provisions of the Revised Statutes, chapter 200, by omitting the address or direction to the jailer, as unmeaning in that case, and unnecessary in the case of commitment; but the character and effect to be given to the certificate, as evidence, remain the same. Under the former state of the law, the object of the certificate was to give information of the oath to the jailer, so that he might discharge the debtor from imprisonment, and to furnish evidence, both to the jailer and to the debtor, and the sureties on his bond, if he had given one for the liberty of the yard, in actions against them for an escape. Under the present law, the object is to give the information and furnish the evidence to the jailer, when the debtor is actually imprisoned, and to supply the evidence in like manner to the debtor and the sureties on his bond, when that has been given to relieve him from imprisonment. No other provisions of law have been introduced in any way changing the nature of the proceeding in administering the oath, or giving greater efficacy to the certificate. The same provisions of the statute existed then as now in reference to a record of all proceedings before magistrates, whether civil or criminal (N. H. Laws, 1830, p. 68;) requiring a copy of the application and order of notice to be served on the creditor or his attorney, and thus implying that both are to be in writing (Id. 477;) and authorizing the magistrates to render judgment and issue execution against the debtor for costs, in case he should fail in his application (Id. 479). The certificate in this case is signed by one magistrate only. It does not conform to the statute which requires that it shall be signed by both. It is therefore inadmissible, and no other record evidence is competent. The general statute, cited by the counsel for the plaintiff, which requires magistrates to keep a record of all proceedings, civil and criminal,

before him, (Revised Statutes, ch. 175, sec. 15) refers to proceedings in which the record has the conclusive character of a judgment. If the magistrates should render judgment for costs, this is a proceeding which undoubtedly would fall within this general provision, and the judgment could be proved only by a record of it. But the facts that the debtor was admitted to take and actually took the oath, and that this was after due service of the application and order of notice on the creditor, which are all that is necessary to appear in order to show a compliance with the condition of the bond, are not of the nature of matters adjudicated, involving the *ideo consideratum est* of a judgment. 1 Inst. 39. The want of the statute evidence—the certificate of the facts by the two magistrates—may be supplied by any other evidence, competent on general principles, to prove them, as facts open to inquiry. If the certificate had been made in conformity to the statute, it would have been *prima facie* evidence only, and as such capable of being controlled by parol proof. No other record of the facts contained in the certificate is required by law, and consequently, with or without the certificate in statute form, the facts are to be proved *in pais*, as in the case of all facts open to parol.

The testimony of Badger and Prescott was competent, and upon it a jury might find that the notice was duly served, and that the debtor was admitted to take and did take the oath, thus complying with the condition of the bond.

*Judgment for the defendant.*